722 A.2d 929

IN THE MATTER OF DAVID S. HOLLANDER,
AN ATTORNEY AT LAW.

January 28, 1999.

## ORDER

The Disciplinary Review Board having filed a report with the Court, recommending that **DAVID S. HOLLANDER** of **BOCA RATON, FLORIDA,** who was admitted to the bar of this State in 1974, and who was temporarily suspended from practice by Order of this Court dated June 11, 1992, and who remains suspended at this time, be disbarred for violating *RPC* 1.15(a) (knowing misappropriation of client funds) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Court having remanded the matter to the Disciplinary Review Board to permit respondent to move to vacate the recommendation of the Disciplinary Review Board and to seek a hearing on the merits of the ethics charges;

And the Disciplinary Review Board having reported to the Court its conclusion that the recommendation for disbarment should not be vacated, respondent having presented no meritorious defenses to the ethics charges;

And respondent having failed to appear on the return date of the Order to Show Cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **DAVID S. HOLLANDER** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **DAVID S. HOLLANDER,** pursuant to Rule 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and

shall be transferred by the financial institution to the Clerk of the Superior Court Trust Fund, pending further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that **DAVIS S. HOLLANDER** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.